# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

JUNIOR ORLANDO ANDREW,

    Plaintiff,

v.                                           Case No. 5:23-cv-102-TJC-PRL

WASTE PRO OF FLORIDA, INC.
and WASTE PRO USA INC,

    Defendants.

## **O R D E R**

**THIS CASE** is before the Court on five pending motions, four relate to the Court's Order Granting Waste Pro's Motion to Compel (Docs. 20–23) and the other is Waste Pro's Motion to Dismiss (Doc. 11). The Court denies Andrew's Motion for Reconsideration and Motion to Stay (Docs. 20, 21). The Court denies Waste Pro's Motion for Sanctions (Doc. 22). The Court denies Andrew's Motion to Dismiss the Motion for Sanctions (Doc. 23) as moot. The Court grants Waste Pro's Motion to Dismiss (Doc. 11), without prejudice, and provides Andrew an opportunity to file an Amended Complaint.

## I.   BACKGROUND

Plaintiff Junior Orlando Andrew filed his pro se complaint against Defendants Waste Pro of Florida, Inc. and Waste Pro USA, Inc. (collectively referred to as "Waste Pro"), on February 12, 2023. The civil cover sheet

indicated claims under Title VII and the Fair Labor Standards Act ("FLSA"). (Doc. 1). The complaint alleged various problems while employed, retaliation, and termination. Id. The Court issued its FLSA scheduling order on February 14, 2023. (Doc. 3). Waste Pro filed its Motion to Dismiss the FLSA claim and a Motion to Stay portions of the FLSA scheduling order while its Motion to Dismiss was pending. (Docs. 11, 13). The Motion to Stay was provisionally granted. (Doc. 14).

It appears Andrew misconstrued and thought the entire case was stayed. Andrew did not respond to Waste Pro's requests to confer about the Uniform Case Management Report, discovery requests, or deposition dates. (See Docs. 17, 18). Waste Pro filed a Motion to Compel on August 29, 2023. (Doc. 18). Andrew did not respond to the Motion to Compel and it was granted on September 27, 2023. (Doc. 19). Andrew filed a Motion for Reconsideration of the Order (Doc. 20) and a Motion to Stay Compliance with the Order (Doc. 21). Waste Pro filed a Motion for Sanctions for failure to comply with the Order (Doc. 22) and Andrew filed a Motion to Dismiss the Motion for Sanctions (Doc. 23).

## II. ANALYSIS

### A. Motion for Sanctions and Related Motions

Andrew did not timely respond to Waste Pro's request to confer about the Uniform Case Management Report, did not respond to Waste Pro's discovery requests, and did not respond to Waste Pro's request for possible deposition

dates. (Docs. 19). The Court granted Waste Pro's Motion to Compel, specifically ordering Andrew to respond to written discovery; advising him he was required to appear for a deposition; and ordering him to show cause as to why costs and attorney's fees should not be awarded and why the case should not be dismissed for lack of diligent prosecution. (Doc. 19). Andrew's response reflects a misunderstanding about the scope of the provisional stay, which was only granted with regards to certain requirements in the FLSA scheduling order and did not stay the entire case. (Doc. 20).

For just this instance, the Court will treat the misunderstanding as substantial justification for the failure to timely respond to discovery and not impose an award of costs, attorney's fees, or other sanctions. Fed. R. Civ. P. 37 (a)(5)(A). <u>Andrew should not expect similar leniency if there are additional instances when he does not comply with the rules, including timely responding to discovery requests or other matters</u>. Andrew is reminded he is responsible for compliance with all applicable rules, even though he is proceeding without a lawyer. A summary of these rules and other resources is included in the Court's Order, issued February 13, 2023. (Doc. 2).

On or before **January 12, 2024**, Andrew should provide Waste Pro possible dates for Waste Pro to take his deposition in January or February 2024 (or, if Waste Pro requests, possible deposition dates in March and April 2024).[1]

Andrew is directed to provide responses to Waste Pro's document production requests and interrogatories on or before **January 19, 2024**. Failure to timely respond, or request relief as allowed by the rules, may result in sanctions, including possible dismissal. Fed. Rule Civ. P. 37.

### B.     Motion to Dismiss

Waste Pro argues any FLSA claim should be dismissed because the complaint does not contain supporting facts to establish a FLSA claim. Waste Pro argues the only information related to a FLSA claim is that Andrew checked the FLSA box on the civil cover sheet, and allegations in the complaint only relate to Title VII claims. (Doc. 11 at 3). The complaint does allege Waste Pro's time records were incorrect and he was primarily paid a daily rate. (Doc. 1 at 18). Waste Pro alleges some information is missing, such as Andrew's position, even though the complaint has multiple references to various positions Andrew held while employed. (Compare Doc. 11 at 3 with Doc. 1 at 6, 18).

---

[1] As a party to this action, Andrew is responsible to appear for a noticed deposition, and no subpoena is required. (A subpoena is required for an individual not a party to the case but is not required for parties). As a matter of professionalism, parties are expected to confer about scheduling matters, such as a deposition, to avoid schedule conflicts and limit inconvenience.

4

Nonetheless, the Court agrees the complaint does not contain enough information to support a FLSA claim. Andrew's employer is not clearly identified, there is not an allegation the employer engaged in interstate commerce, and there is not detail in the complaint about the type of claim (minimum wage and/or overtime) or details of such a claim.[2] The Motion to Dismiss is granted without prejudice and Andrew may file an Amended Complaint to address the missing information.

Accordingly, it is hereby

**ORDERED:**

1.  Waste Pro's Motion to Dismiss (Doc. 11) is **GRANTED without prejudice.**

2.  Andrew has until **January 19, 2024,** to file an Amended Complaint. Waste Pro has until **February 12, 2024,** to file a response.

3.  Andrew's Motion for Reconsideration (Doc. 20) is **Denied**.

4.  Andrew's Motion to Stay (Doc. 21) is **Denied.**

5.  Waste Pro's Motion for Sanctions (Doc. 22) is **Denied.**

6.  Andrew's Motion to Dismiss the Motion for Sanctions (Doc. 23) is **Denied** as moot.

---

[2] Some of these details are in Andrew's Answers to Court Interrogatories, including identification of Waste Pro of Florida, Inc., as the entity paying wages. (Doc. 5).

5

7. Andrew is directed to provide responses to Waste Pro's document production requests and interrogatories on or before **January 19, 2024**.

8. On or before **January 12, 2024**, Andrew should provide Waste Pro possible dates in January or February 2024 (or, if Waste Pro requests, possible dates in March and April 2024) for Waste Pro to take his deposition.

9. On or before **January 19, 2024**, Waste Pro is directed to provide to Andrew, but not file with the Court, a copy of all time sheets and/or payroll records for Andrew for the period of February 1, 2020, through the remainder of Andrew's employment.

10. Except for Item 9 above, the FLSA scheduling order and the related provisional stay, Docs. 3 and 14, are **Vacated**.

**No portion of this case is stayed**. The Court, by separate order, will enter a Case Management Scheduling Order.

**DONE AND ORDERED** in Jacksonville, Florida the 28th day of December, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

ddw
Copies:

Counsel of record